**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Civil Action No. 5:26-CV-00041-MEO-DCK**

| | |
|---|---|
| **VICTORIA JOLLY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHERIFF DONALD G. BROWN II, in his individual and official capacities as Sheriff of Catawba County; AARON TURK, in his individual and official capacities; BRIAN KELLY, in his individual and official capacities; THAD SCRONCE, in his individual and official capacities; MIKE HOYLE, in his individual and official capacities; and JOHN DOE SURETY,**<br><br>**Defendants.** | **DEFENDANT BRIAN KELLY'S ANSWER TO PLAINTIFF'S COMPLAINT (JURY TRIAL DEMANDED)** |

**NOW COMES** Defendant Brian Kelly ("Defendant" or "Answering Defendant"), acting by and through the undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

## ANSWER AND FIRST DEFENSE
## (Defendant's Responses to Plaintiff's Individual Allegations)

## INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

5. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

6. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

## Jurisdiction and Venue

7. The allegations of Paragraph 7 state a conclusion of law to which no answer is required. To the extent required, denied.

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. The allegations of Paragraph 10 state a conclusion of law to which no answer is required. To the extent required, denied.

11. The allegations of Paragraph 11 state a conclusion of law to which no answer is required. To the extent required, denied.

## Parties

12. Admitted upon information and belief.

13. Admitted upon information and belief that Plaintiff was at one point employed by the Catawba County Sheriff's Office ("CCSO") as a Deputy Sheriff. Except as admitted, denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

14. The allegations in Paragraph 14 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

15. The allegations in Paragraph 15 do not require a response from this Answering Defendant. To the extent required, denied.

16. The allegations of Paragraph 16 state a conclusion of law to which no answer is required. To the extent required, denied.

17. The allegations of Paragraph 17 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

18. Defendant admits that he was a Chief Deputy at the CCSO from December 2018 to April 2026. Except as admitted, denied.

19. The allegations of Paragraph 19 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

20. The allegations of Paragraph 20 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

21. The allegations of Paragraph 21 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

## FACTUAL ALLEGATIONS

### Plaintiff's Career, Competence, and the Centrality of Credibility

22. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

23. The allegations in Paragraph 23 do not require a response from this Answering Defendant. To the extent required, denied.

24. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

25. Defendant denies the allegations as stated, including any characterization of Defendant's understanding or intent. To the extent the allegations concern Plaintiff's alleged history of dishonesty, falsification, or credibility impairment, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

### The Peyton Matter and the Weaponized "Bias Against Children" Narrative

26. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

27. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

28. The allegations in Paragraph 28 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

29. The allegations in Paragraph 29 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

30. The allegations in Paragraph 30 are not directed at this Answering Defendant, and therefore no response is required. To the extent required, denied.

**Giglio Impairment and Real-World Prosecutorial Harm**

31. Defendant admits that, at some point, he became aware Plaintiff had been treated as Giglio-impaired. Defendant denies that he imposed, disseminated, caused, or participated in any alleged "bias" narrative or related credibility accusations concerning Plaintiff. Except as expressly admitted, denied.

32. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

33. The allegations in Paragraph 33 concern a written document, which speaks for itself. Except as admitted, denied.

34. Defendant denies the allegations in Paragraph 34 as stated, including any characterization of his understanding. Defendant further denies any assertion that he engaged in "stigmatizing credibility branding" of Plaintiff. To the extent the allegations concern other

Defendants, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

**Command Staff Backed Away from "Bias," But Failed to Cure the Damage**

35. Defendant admits that Plaintiff sought clarification or correction regarding references to alleged "bias." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

36. The written communication referenced in Paragraph 36 speaks for itself. Defendant admits that a written communication was issued acknowledging, in substance, that Defendant and Defendant Brown did not believe Plaintiff harbored a "bias against children." Except as admitted, denied.

37. Defendant denies the allegations contained in Paragraph 37 as stated, including any allegation that the corrective or remedial actions identified therein were within his authority, control, or job responsibilities.

38. Denied.

**Plaintiff Reports Sexual and Inappropriate Misconduct by a Deputy**

39. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

40. Defendant admits that Plaintiff reported certain communications between Kyle Lawrence and Plaintiff to him. Defendant denies any characterization of those communications as "sexually inappropriate," "solicitations," or "messaging of a sexual nature," and further denies that any such report was made a complaint of "workplace misconduct" or "abuse of authority."

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**Retaliatory Targeting and Selective Discipline**

45. Defendant denies that he escalated scrutiny of Plaintiff, selectively disciplined plaintiff, or otherwise disciplined Plaintiff at any time. Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant denies that he ever criticized or disciplined Plaintiff and further denies that he treated Plaintiff differently than similarly situated male employees. Defendant denies the remaining allegations contained in Paragraph 46.

47. Defendant denies that he ever disciplined Plaintiff, placed disciplinary materials in Plaintiff's personnel file, or built any narratives of "unfitness" concerning Plaintiff. Defendant denies the remaining allegations contained in Paragraph 47.

48. Denied.

**The On-Duty Rollover Accident, Concussion, and Known Medical Restrictions**

49. Defendant admits that, at some point, he became aware that Plaintiff had been involved in an on-duty motor vehicle accident. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

50. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

51. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

52. Denied.

53. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

54. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

55. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

56. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

57. Defendant denies that he conducted, directed, or participated in the investigative actions alleged in Paragraph 57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**Investigative Status with Pay and Forced Isolation**

58. Defendant denies that he made, directed, controlled, or participated in any decision to place Plaintiff on investigation status with pay, or that he had any involvement in how that status impacted Plaintiff's employment with CCSO. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

59. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

60. Denied.

**The December 8, 2025 "Closet" Incident and Escalation**

61. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

62. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

63. Defendant denies that he had any involvement in the alleged internal-affairs event referenced in Paragraph 63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

64. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

65. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

**December 9, 2025, Medical Timestamp and Coercive Internal Affairs Interrogation**

66. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

67. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

68. Defendant denies that he had any involvement with the alleged Internal Affairs interrogation referenced in Paragraph 68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

69. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

70. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

71. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

72. Defendant denies that he had any involvement with the alleged interrogation referenced in Paragraph 72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

73. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

74. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

**Constructive Discharge and Involuntary Resignation**

75. Defendant denies that he was involved in the investigative process referenced in Paragraph 75. Defendant denies the remaining allegations contained in Paragraph 75.

76. Defendant admits that at some point he became aware Plaitniff had been placed on investigation status with pay. Defendant denies that he had any involvement in the alleged interrogation referenced in Paragraph 76. Except as admitted, denied.

77. Denied.

**The F-5 "Untruthfulness" Publication and Career Destruction**

78. The allegations in Paragraph 78 concern a written document, which speaks for itself. Except as admitted, denied.

79. The allegations in Paragraph 79 concern a written document, which speaks for itself. Except as admitted, denied.

80. The allegations in Paragraph 80 concern a written document, which speaks for itself. Except as admitted, denied.

81. The allegations in Paragraph 81 concern a written document, which speaks for itself. Except as admitted, denied.

82. Defendant denies that he participated in, was responsible for, or had any involvement in the completion, contents, designation, filing, or transmission of the referenced F-5 form. Defendant further denies any allegation regarding his understanding of the alleged effect or impact of the "untruthfulness" designation. Defendant denies the remaining allegations of Paragraph 82.

83. Defendant denies that he was responsible for providing or ensuring any evidentiary hearing, notice, opportunity to respond, written findings, review, rebuttal, or name-clearing process relating to the F-5 form referenced in Paragraph 83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

84. Denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

85. Defendant denies an involvement in the alleged publication of the "untruthfulness" designation, the alleged interrogation, or Plaintiff's resignation. Defendant denies the remaining allegations contained in Paragraph 85.

**No Name-Clearing Hearing**

86. Defendant denies that he was responsible for providing Plaintiff with any name-clearing hearing or comparable process referenced in Paragraph 86, or that he caused any stigmatizing dishonesty accusation to be recorded or transmitted through any statewide reporting mechanism. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

87. Defendant denies that providing Plaintiff with the notice, evidence, or witnesses referenced in Paragraph 87 was within the scope of his authority or job responsibilities. Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

88. Defendant denies that providing any post-publication mechanism to correct the record, withdraw or amend the "untruthfulness" designation, or otherwise mitigate any alleged reputational harm or employment consequences referenced in Paragraph 88 was within the scope of his authority or job responsibilities. Defendant denies the remaining allegations in Paragraph 88.

89. Denied.

**Damages**

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**CLAIMS FOR RELIEF**

**Count I: First Amendment Retaliation (42 U.S.C. § 1983)**
**(Against Turk, Kelly, Scronce, Hoyle, and Brown in their individual capacities)**

96. The affirmative defenses and responses to Paragraphs 1 through 95 are incorporated by reference as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

**Count II: Fourteenth Amendment Liberty Interest (Stigma-Plus) (42 U.S.C. § 1983)**
**(Against all Individual Defendants in their individual capacities, and Brown in his official capacity)**

104. The affirmative defenses and responses to Paragraphs 1 through 103 are incorporated by reference as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

**Count III: Fourteenth Amendment Procedural Due Process (42 U.S.C. § 1983)**
**(Against all Individual Defendants in their individual capacities, and Brown in his official capacity)**

112. The affirmative defenses and responses to Paragraphs 1 through 111 are incorporated by reference as if fully set forth herein.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

**Count IV: Official Capacity Liability / Final Policymaking Liability (42 U.S.C. § 1983)**
**(Against Brown in his official capacity)**

119. The affirmative defenses and responses to Paragraphs 1 through 118 are incorporated by reference as if fully set forth herein.

120. The allegations contained in Paragraph 119 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

121. The allegations contained in Paragraph 121 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

122. The allegations contained in Paragraph 122 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

123. The allegations contained in Paragraph 123 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

**Count V: Disability Discrimination (Rehabilitation Act, 29 U.S.C. § 794)**
**(Against Brown in his official capacity)**

124. The affirmative defenses and responses to Paragraphs 1 through 123 are incorporated by reference as if fully set forth herein.

125. The allegations contained in Paragraph 125 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

126. The allegations contained in Paragraph 126 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

127. The allegations contained in Paragraph 127 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

128. The allegations contained in Paragraph 128 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

129. The allegations contained in Paragraph 129 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

130. The allegations contained in Paragraph 130 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

131. The allegations contained in Paragraph 131 are not directed at this Answering Defendant and therefore no response is required. To the extent required, denied.

**Injunctive and Declaratory Relief**

132. The affirmative defenses and responses to Paragraphs 1 through 123 are incorporated by reference as if fully set forth herein.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

**SECOND AFFIRMATIVE DEFENSE**

Defendant pleads that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified immunity for the individual capacity § 1983 claims asserted against him.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not engage in, participate in, promote, or further any policy, practice, custom, or conduct that deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads that, if Plaintiff has suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by an act or omission of this Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead any additional defenses as may become known during the court of investigation or discovery.

**WHEREFORE**, having fully responses to the Plaintiff's Complaint, Defendant Brian Kelly prays unto the Court as follows:

1. For a trial by jury on all issues triable;
2. That Plaintiff have and recover nothing of Defendant Brian Kelly;
3. For the dismissal of Plaintiff's action with prejudice;
4. For the cost of defending this action, including reasonable attorney's fees; and
5. For such other and further relief as the Court may deem just and proper.

**This the 26th day of May, 2026.**

**HEDRICK GARDNER KINCHELOE &**
**GAROFALO LLP**

**By:** ***/s/ John L. Wright***

**JOHN L. WRIGHT**
**N.C. STATE BAR NO. 45554**
**DANIELLE K. KAMINSKI**
**N.C. STATE BAR NO. 63679**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: (704) 319-5436**
**Fax: (704) 602-8160**
**jwright@hedrickgardner.com**
**dkaminski@hedrickgardner.com**
***Attorneys for Defendant Brian Kelly***

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

**This the 26th day of May, 2026.**

**By:** ***/s/ John L. Wright***
**JOHN L. WRIGHT**
**N.C. State Bar No. 45554**
***Attorney for Defendant Brian Kelly***