IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No.: 5:26-cv-00041 MEO-DCK

| | |
|---|---|
| VICTORIA JOLLY,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF DONALD G. BROWN II, in his individual and official capacities as Sheriff of Catawba County, AARON TURK, in his individual and official capacities, BRIAN KELLY, in his individual and official capacities, THAD SCRONCE, in his individual and official capacities, MIKE HOYLE, in his individual and official capacities, and JOHN DOE SURETY,<br><br>Defendants. | **DEFENDANTS SHERIFF DONALD G. BROWN, II, AARON TURK, THAD SCRONCE AND MIKE HOYLE'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

NOW COME Defendants Sheriff Donald G. Brown, II, Aaron Turk, Thad Scronce and Mike Hoyle, in their individual and official capacities, (hereinafter "Defendants"), by and through counsel, and pursuant to Rule 15a of the Federal Rules of Civil Procedure, files this Amended Answer in response to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Defendants plead lack of subject matter and lack or personal jurisdiction pursuant to Rules 12(b)(1) and 12(b)2) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiff's Complaint also fails to state any claim upon which relief can be granted and is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including but not limited to, governmental immunity, qualified immunity and public officials' immunity.

## FOURTH DEFENSE

In response to the individually numbered paragraphs of Plaintiff's Complaint, Answering Defendants say as follows:

## INTRODUCTION

1. This paragraph contains no allegations and, therefore, no response is required. To the extent a response is deemed necessary, it is denied that Defendants are liable to Plaintiff under any statute, law or theory.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. It is admitted that after Plaintiff unexpectantly resigned, she did not request a name-clearing hearing, and one is not legally required. However, it is admitted that Plaintiff has been offered a name-clearing hearing. Except as admitted, denied as stated.

## Jurisdiction and Venue

7. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

8. This paragraph contains no allegations and, therefore, no response is required. To the extent a response is deemed necessary, it is denied that Defendants are liable to Plaintiff under any statute, law or theory.

9. This paragraph contains no allegations and, therefore, no response is required. To the extent a response is deemed necessary, it is denied that Defendants are liable to Plaintiff under any statute, law or theory.

10. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

11. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

**Parties**

12. Admitted upon information and belief.

13. Admitted.

14. The first sentence of this paragraph is admitted. Except as admitted, denied for lack of information or belief as this sentence calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

15. It is denied that Defendant is liable to Plaintiff in any capacity or under any statute, law or theory.

16. It is admitted that Sheriff Brown is the final policymaker as described in this paragraph. It is denied that Defendant is liable to Plaintiff in any capacity or under any statute, law or theory. Except as admitted, denied as stated

17. It is admitted that Defendant Turk was a command-level CCSO officer who at times exercised supervisory authority and participated in disciplinary action and internal investigations relevant to Plaintiff. It is denied that Defendant is liable to Plaintiff in any capacity or under any statute, law or theory Except as admitted, denied as stated.

18. The allegations in this paragraph do not pertain to these answering defendants and therefore no answer is required. To the extent an answer is required, denied as stated.

19. It is admitted that Defendant Scronce was a command-level CCSO officer. It is denied that Defendant is liable to Plaintiff in any capacity or under any statute, law or theory Except as admitted, denied as stated.

20. It is admitted that Defendant Hoyle was a CCSO officer responsible for internal affairs and/or internal investigations, including the conduct of witness interviews and investigative interrogations relevant to Plaintiff. It is denied that Defendant is liable to Plaintiff in any capacity or under any statute, law or theory Except as admitted, denied as stated.

21. Denied for lack of information or belief.

## FACTUAL ALLEGATIONS

### Alleged Plaintiff's Career, Competence, and the Centrality of Credibility

22. It is admitted that Plaintiff had law enforcement experience, was hired in January 2021, and performed a variety of duties. Except as admitted, denied as stated or for lack of information or belief.

23. Admitted.

24. It is admitted that Plaintiff's performance evaluations are written documents that speak for themselves. To the extent the written documents contradict these allegations, they are denied. Except as admitted, denied as stated.

25. Denied as stated.

### The Peyton Matter and the Weaponized "Bias Against Children" Narrative

26. It is admitted that Plaintiff was assigned to investigate allegations involving Peyton, a juvenile. Except as admitted, denied for lack of information or belief.

27. Denied as stated.

28. Denied as stated.

29. It is admitted that Plaintiff's reprimands are written documents that speak for themselves. To the extent the written documents contradict these allegations, they are denied. It is further admitted that there is a recording of an interview conducted on or about April 23, 2023. Except as admitted, denied as stated.

30. Denied as stated.

### Alleged Giglio Impairment and Real-World Prosecutorial Harm

31. It is admitted that Plaintiff was treated as Giglio-impaired. Except as admitted, denied as stated.

32. Denied as stated.

33. Denied for lack of information or belief.

34. Denied as stated.

**Alleged Command Staff Backed Away from "Bias," But Failed to Cure the Damage**

35. Admitted.

36. It is admitted that Chief Biran Kelly prepared a document for Sheriff Brown and that Sheriff Brown signed it. To the extent the written document contradicts these allegations, they are denied. Except as admitted, denied.

37. Denied as stated.

38. Denied.

**Plaintiff Reports Sexual and Inappropriate Misconduct by a Deputy**

39. Denied as stated or for lack of information or belief.

40. It is admitted that Defendants later found out the Plaintiff made a complaint to Defendant Kelly of workplace misconduct, which was part of her duties and responsibilities in accordance with the Sheriff's policies that apply to all Deputies (attached as Exhibit 1). Except as admitted, denied as stated.

41. Denied.

42. Denied.

43. Denied as stated.

44. Denied as stated or for lack of information or belief.

**Alleged Retaliatory Targeting and Selective Discipline**

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**The On-Duty Rollover Accident, Concussion, and Known Medical Restrictions**

49. It is admitted that Plaintiff was involved in a motor vehicle accident on December 2, 2025 and suffered some injuries. Except as admitted, denied for lack of information or belief.

50. It is admitted that the cease and desist is a written document that speaks for itself. To

the extent the written document contradicts these allegations, they are denied.

51. It is admitted that the December 10, 2025 response is a written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied.

52. Denied.

53. It is admitted that Plaintiff sought medical treatment and was placed on light duty, which is a written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied. Except as admitted, denied as stated or for lack of information or belief.

54. Admitted.

55. It is admitted that Plaintiff's work-status documentation is written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied. Except as admitted, denied as stated or for lack of information or belief.

56. It is admitted that Plaintiff's work-status documentation is written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied. It is further admitted that some of the Defendants were aware that Plaintiff was on light duty. Except as admitted, denied as stated or for lack of information or belief.

57. It is admitted that while Plaintiff was on light duty, she hid in a closet and eavesdropped on her superiors discussing confidential information, on at least two occasions, and was placed on investigative status with pay, and that an investigation was started. It is further admitted that while be questioned as part of the investigation into the eavesdropping, she quit her job. Except as admitted, denied as stated or for lack of information or belief.

## <u>**Investigative Status with Pay and Forced Isolation**</u>

58. Admitted, except it is denied that Plaintiff could not access CCSO systems from her home.

59. It is admitted that due to Plaintiff's actions, she was prohibited from reporting to work. Except as admitted, denied.

60. Denied.

## <u>**The December 8, 2025 "Closet" Incident and Escalation**</u>

61. It is admitted that on or about December 8, 2025, Plaintiff hid in a closet and eavesdropped on her superiors discussing confidential information, on two occasions. Except as admitted, denied as stated or for lack of information or belief.

62. It is admitted that Plaintiff listened on at least two occasions. Except as admitted, denied as stated or for lack of information or belief.

63. It is admitted that after Plaintiff was caught, twice, eavesdropping on her superiors discussing confidential information, she was placed on investigative status with pay, and that an investigation was started. Except as admitted, denied as stated or for lack of information or belief

64. Denied.

65. Denied as stated.

**<u>December 9, 2025 Medical Timestamp and Coercive Internal Affairs Interrogation</u>**

66. It is admitted that Plaintiff's work-status documentation is a written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied. Except as admitted, denied as stated or for lack of information or belief.

67. It is admitted that Plaintiff's work-status documentation is a written document that speaks for itself. To the extent the written document contradicts these allegations, they are denied. Except as admitted, denied as stated or for lack of information or belief.

68. It is admitted that an investigation was started. Except as admitted, denied as stated.

69. Denied.

70. It is admitted that Plaintiff never requested any accommodation. It is further admitted that Plaintiff was caught "spying" and was dishonest and that there is more than ample "proof" of such conduct. Except as admitted, denied.

71. Denied.

72. Denied.

73. It is admitted that Plaintiff quit her job before the investigation was completed. Except as admitted, denied.

74. Denied.

**<u>Alleged Constructive Discharge and Involuntary Resignation</u>**

75. Denied.

76. It is admitted that at the time Plaintiff quit her job, she was on paid investigative status.

Except as admitted, denied.

77. Denied.

**Alleged The F-5 "Untruthfulness" Publication and Career Destruction**

78. It is admitted that the required F-5 is written document that speaks for itself. To the extent the written document contradicts these allegations and the requirements of NCCJETC, they are denied.

79. Admitted.

80. Admitted.

81. It is admitted that the required F-5 is written document that speaks for itself. To the extent the written document contradicts these denied. Except as admitted, denied.

82. Denied.

83. Denied as stated.

84. Denied for lack of information or belief.

85. Denied.

**Alleged No Name-Clearing Hearing**

86. Denied.

87. Denied as stated.

88. Denied.

89. Denied.

**Alleged Damages**

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## CLAIMS FOR RELIEF

### Count I: First Amendment Retaliation (42 U.S.C. § 1983)
**(Against Turk, Kelly, Scronce, Hoyle, and Brown in their individual capacities)**

96. No response is required for this paragraph.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### Count II: Fourteenth Amendment Liberty Interest (Stigma-Plus) (42 U.S.C. § 1983)
**(Against all Individual Defendants in their individual capacities, and Brown in his official capacity)**

104. No response is required for this paragraph.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

**Count III: Fourteenth Amendment Procedural Due Process (42 U.S.C. § 1983)**
**(Against all Individual Defendants in their individual capacities, and Brown in his official capacity)**

112. No response is required for this paragraph.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

**Count IV: Official Capacity Liability / Final Policymaker Liability (42 U.S.C. § 1983)**
**(Against Brown in his official capacity)**

119. No response is required for this paragraph.

120. Admitted.

121. Denied.

122. Denied.

123. Denied.

**Count V: Disability Discrimination (Rehabilitation Act, 29 U.S.C. § 794)**
**(Against Brown in his official capacity)**

124. No response is required for this paragraph.

125. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied for lack of information or belief.

126. Denied for lack of information or belief.

127. It is admitted that some of the Defendants were aware of Plaintiff's work-status documentation. Except as admitted, denied as stated.

128. Denied.

129. Denied as stated.

130. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied for lack of information or belief.

131. Denied.

**Injunctive and Declaratory Relief**

132. No response is required for this paragraph.

133-138. These paragraphs contain no allegations and, therefore, no response is required. To the extent a response is deemed necessary, it is specifically denied that the Defendants are liable to Plaintiff under any statute, law or theory.

All allegations not expressly Admitted are Denied, including Plaintiff's Prayer for Relief, are Denied.

**FIFTH DEFENSE**

Defendants allege that at all times relevant to this action, they were acting without malice and with a good faith belief that their duties were carried out in accordance with the Laws and the Constitution of the United States and the State of North Carolina.

**SIXTH DEFENSE**

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and set offs.

**SEVENTH DEFENSE**

Defendants did not engage in, promote or further any policy or practice which deprived Plaintiff of any rights secured by the Constitution or laws of this land.

**EIGHTH DEFENSE**

Defendants plead all defenses, immunities and limits set out in N.C. Gen. Stat. §1D et. Seq. in bar of or in limitation of plaintiff's right to recover punitive damages.

**NINTH DEFENSE**

Defendants allege any claim for punitive damages is unconstitutional, violative of the 4th and 14th Amendments to the United States Constitution and the Law of the Land Clause of the North Carolina Constitution.

## TENTH DEFENSE

Defendants plead all defenses, immunities and limits set out in N.C. Gen. Stat. §1D et seq. in bar of or in limitation of Plaintiff's right to recover punitive damages

## ELEVENTH DEFENSE

Defendants plead all applicable statute of limitations and repose as a bar, in whole or in part, to recovery by Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's contributory negligence and/or intentional acts.

## FOURTEENTH DEFENSE

As a further defense, without waiving any other defenses asserted herein, Defendants plead that this action at its inception is unreasonable, frivolous, meritless, and/or vexatious, and judged by the reasonable person standard, the Plaintiff should be aware that it is so. As a result of the Plaintiff's filing of this lawsuit, Defendants have been required to obtain the services of the undersigned attorneys, and pursuant to 42 USC Section 1988, Defendants are entitled to receive reasonable attorney fees and costs incurred and throughout this action.

## FIFTEENTH DEFENSE

Defendants reserve the right to plead additional affirmative defense as may be revealed during disclosure and/or discovery proceedings in this matter.

WHEREFORE, Defendants, having fully responded to Plaintiff's Complaint, pray unto the Court as follows:

1. That Plaintiff have and recover nothing of Defendants and that Plaintiff's Complaint be dismissed with prejudice;

2. That the costs of this action be taxed against the Plaintiff;

3. That they have a trial by jury on all issues so triable; and

4. For such other and further relief as this Court deems just and proper.

This the 1st day of June, 2026.

CRANFILL SUMNER LLP

BY: */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Attorney for Defendants
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically filed the foregoing ***DEFENDANTS SHERIFF DONALD G. BROWN, II, AARON TURK, THAD SCRONCE AND MIKE HOYLE'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| C. Christopher Adkins<br>**Adkins Law, PLLC**<br>9620 Sherrill Estates Road<br>Huntersville, NC 28078<br>chris@huntersvillelawyer.com<br>*Attorney for Plaintiff* | Christerfer R. Purkey<br>**Rech Law, P.C.**<br>18125 W. Catawba Avenue<br>Cornelius, NC 28031<br>cpurkey@rechlaw.com<br>*Attorney for Plaintiff* |

CRANFILL SUMNER LLP

BY: */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Attorney for Defendants
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com