**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Civil Action No. 5:26-CV-00041-MEO-DCK**

| | |
|---|---|
| **VICTORIA JOLLY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHERIFF DONALD G. BROWN II, in his individual and official capacities as Sheriff of Catawba County; AARON TURK, in his individual and official capacities; BRIAN KELLY, in his individual and official capacities; THAD SCRONCE, in his individual and official capacities; MIKE HOYLE, in his individual and official capacities; and JOHN DOE SURETY,**<br><br>**Defendants.** | **<u>DEFENDANT BRIAN KELLY'S REPLY IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS</u>** |

Defendant Brian Kelly ("Defendant Kelly"), by and through undersigned counsel, submits this Reply in Support of his Motion for Judgment on the Pleadings and respectfully requests that the Court dismiss all claims asserted against him in both his individual and official capacity.

## I. Plaintiff's First Amendment Retaliation Claim Fails as a Matter of Law

### A. Plaintiff's alleged report to Defendant Kelly is not a matter of public concern.

Plaintiff cannot transform a private workplace grievance into speech on a matter of public concern simply by relabeling it as speech concerning "law-enforcement integrity," "abuse of authority," or "misconduct within a law-enforcement agency." Plaintiff's report to Defendant Kelly was a purely internal complaint within the Catawba County Sheriff's Office ("CCSO") that concerned only conduct allegedly directed at Plaintiff herself—namely, that another officer had sent her sexually appropriate communications. [Doc. 1 ¶ 39]. No matter how Plaintiff labels it, her internal complaint to Defendant Kelly is not entitled to First Amendment protection because it

sought to address only her own alleged mistreatment rather than expose misconduct affecting other employees, a systemic department-wide practice, or any issue implicating the public at large. *Massaro v. Fairfax Cnty.*, 95 F.4th 895, 905-07 (4th Cir. 2024).

Both controlling precedent and persuasive authority support Defendant Kelly's position that Plaintiff's report constituted a private workplace grievance, and the authorities cited by Plaintiff do not compel a different result. First, for the reasons stated in Defendant Kelly's Memorandum in Support of His Motion for Judgment on the Pleadings, *Campbell* remains persuasive in confirming that Plaintiff's report, which concerned only her own circumstances and no one else's, is properly characterized as a private workplace grievance. [Doc. 7 at 6-7]. Second, *Andrew v. Clark*, 561 F.3d 261 (4th Cir. 2009), and *Durham v. Jones*, 737 F.3d 291 (4th Cir. 2013), are distinguishable because both involved plaintiffs who publicly disclosed allegations of serious departmental misconduct extending well beyond their own individual employment circumstances. *Andrew* involved a police department subjecting the plaintiff to an internal affairs investigation after he provided a newspaper reporter with an internal memorandum expressing concerns regarding whether an officer-involved shooting was justified and properly handled in light of public safety concerns. 561 F.3d at 264-69. *Durham* involved the termination of a police officer after he contacted various media outlets to publicize allegations that departmental officials had falsified reports, directed the filing of false charges against innocent individuals, and engaged in broader misconduct and corruption within the sheriff's office. 737 F.3d at 299-301. In short, both cases are distinguishable because they involved widely publicized speech concerning systemic law-enforcement misconduct. In *Andrew*, the Plaintiff spoke out against the manner in which law-enforcement officials allegedly impacted members of the public, including the use of potentially unjustified deadly force against a citizen. In *Durham*, the officer publicized the filing of false

charges against innocent individuals, rather than an internal complaint regarding conduct directed solely at a single employee. *See Durham*, 737 F.3d at 300 ("As the district court correctly ruled, [Plaintiff] is not claiming first amendment protection for the materials he filed in the internal grievance proceedings. . . or for his filing of an internal grievance. Rather, [Plaintiff] is claiming first amendment protection for his publicizing those materials in connection with his overarching allegations of serious and persuasive law enforcement misconduct[.]"). Here, by contrast, Plaintiff's report considered personal workplace issue directed solely at Plaintiff, did not implicate misconduct affecting other employees, a systemic department-wide practice, or members of the public, and was never publicized outside CCSO.

Further, Plaintiff is silent regarding the authorities cited by Defendant Kelly holding that internal reports of sexual harassment do not constitute speech on a matter of public concern when they concern only discriminatory conditions of employment experienced by a single employee. [Doc. 7 at 7]. Plaintiff offers no meaningful basis to distinguish those authorities, which are far more analogous than the cases upon which she relies. Accordingly, Plaintiff's First Amendment retaliation claim fails as a matter of law and should be dismissed with prejudice.

**B. Plaintiff cannot overcome Defendant Kelly's qualified immunity defense because existing precedent did not clearly establish that Plaintiff's internal report constituted protected speech on a matter of public concern.**

Alternatively, Plaintiff's First Amendment retaliation claim should be dismissed with prejudice because she cannot overcome Defendant Kelly's qualified immunity defense. *Campbell* remains illustrative in demonstrating that existing law does not clearly establish when internal reports of workplace harassment or discrimination rise to the level of speech on a matter of public concern. [Doc. 7 at 9-10]. As in *Campbell*, Plaintiff's report concerned allegations of workplace misconduct communicated internally within a law-enforcement agency; however, unlike

*Campbell*, Plaintiff's report did not implicate broader departmental concerns, other employees, or members of the public.

Likewise, *Andrew* and *Durham* do not compel a different result. First, *Andrew* is distinguishable for the reasons stated above and, notably, does not address qualified immunity. *See generally* 561 F.3d 261. Second, although *Durham* concluded that it was clearly established that a public employee has a First Amendment right to speak out against serious government misconduct, the Fourth Circuit expressly distinguished such misconduct from "an ordinary workplace dispute." 737 F.3d at 303-04. Indeed, the *Durham* court emphasized that plaintiff's speech was "no ordinary workplace dispute" because it accused several high-ranking law-enforcement officials of falsifying reports, directing the filing of false charges against innocent individuals, and authorizing aggressive threats against a member of their own agency who opposed such practices. *Id*.

Here, by contrast, and for the reasons discussed above, Plaintiff's report concerned only an ordinary workplace dispute involving the alleged actions of one employee against another, rather than systemic department-wide government misconduct. *See id*. at 303 ("Of course, not every situation involving a government employee speaking about some workplace dispute qualifies [as speech warranting First Amendment protection]."). Plaintiff has failed to identify clearly established authority that would have placed Defendant Kelly on notice that Plaintiff's report to him warranted First Amendment protection. Accordingly, Defendant Kelly is entitled to qualified immunity and Plaintiff's First Amendment retaliation claim should be dismissed with prejudice.

**II. Plaintiff's Fourteenth Amendment Claims Fail as a Matter of Law**

Plaintiff's generalized and conclusory allegations that Defendant Kelly "was a command-level CCSO officer with supervisory authority who received and/or acted upon reports of

misconduct and participated in decisions and actions relevant to Plaintiff's discipline, treatment, and separation," coupled with collective references to "Defendants," are insufficient to plead an affirmative causal connection between Defendant Kelly and Plaintiff's alleged Fourteenth Amendment deprivations. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must allege "a personal connection between [each individual defendant] and any denial of [plaintiff's] constitutional rights"). If Plaintiff's conclusory allegations were sufficient, virtually every command-level officer within CCSO could be named as a defendant simply by virtue of his or her supervisory role, despite the well-established rule that § 1983 does not permit respondeat superior liability. *See id*. Plaintiff's response never explains how this generalized allegation plausibly connects Defendant Kelly to the publication of stigmatizing information, the F-5 "untruthfulness" designation, the resulting Giglio credibility impairment, or the alleged denial of a meaningful name-clearing process.

Plaintiff's silence regarding *Smith v. Dance*, which involved substantially similar allegations concerning a termination report, an F-5 designation, and the resulting impairment of future law-enforcement employment opportunities, is telling. There, the court illustrated the level of specificity required to plead Fourteenth Amendment claims against individual defendants, as the plaintiff alleged specific conduct attributable to each defendant, including signing the termination report, signing the Form F-5, and knowingly participating in actions that allegedly impaired the plaintiff's future law-enforcement employment opportunities. *Smith v. Dance*, No. 4:21-CV-1030-FL, 2022 WL 2392863, at *7-8 (E.D.N.C. July 1, 2022). By contrast, Plaintiff identifies no comparable conduct attributable to Defendant Kelly and offers no explanation as to why *Smith* does not support dismissal here.

In short, the only concrete conduct Plaintiff attributes to Defendant Kelly concerns Plaintiff's report regarding sexually inappropriate communications, which implicates only Plaintiff's First Amendment claim and bears no connection to the alleged Giglio credibility impairment, F-5 "untruthfulness" designation, or denial of a meaningful name-clearing process. Accordingly, Plaintiff has failed to plead an affirmative causal connection between Defendant Kelly and any alleged Fourteenth Amendment deprivation, and her Fourteenth Amendment claims against Defendant Kelly should be dismissed with prejudice.

## III. Conclusion

For the foregoing reasons, Defendant Kelly respectfully requests that the Court grant his Motion for Judgment on the Pleadings and dismiss, with prejudice, all claims against him in his individual and official capacities.

**This the 16th day of June, 2026.**

**HEDRICK GARDNER KINCHELOE & GARFALO LLP**

**By: /s/ John L. Wright**
**JOHN L. WRIGHT**
**N.C. State Bar. No. 45554**
**DANIELLE K. KAMINSKI**
**N.C. State Bar No. 63679**
**4201 Congress St., Suite 300**
**Charlotte, NC 28209**
**Direct (John): 704-319-5436**
**Direct (Danielle): 704-731-2040**
**jwright@hedrickgardner.com**
**dkaminski@hedrickgardner.com**
***Attorneys for Defendant Brian Kelly***

**DEFENDANT BRIAN KELLY'S CERTIFICATE OF COMPLIANCE**

Pursuant to the June 18, 2024, Standing Order of this Court *In Re: Use of Artificial Intelligence,* 3:24-mc-104, the undersigned submits the following certification in relation to the foregoing Response:

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;
2. Every statement and every citation to an authority contained in this Memorandum has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**This the 16th day of June, 2026.**

**By: /s/ John L. Wright**
**JOHN L. WRIGHT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**This the 16th day of June, 2026.**

**HEDRICK GARDNER KINCHELOE & GARFALO LLP**

**By: /s/ John L. Wright**
**JOHN L. WRIGHT**